# In the United States Court of Federal Claims

No. 23-1984

Filed: December 15, 2023

| | |
|---|---|
| **RACHEL CONSTANT BEAUVAIS,** | |
| *Plaintiff*, | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant*. | |

## OPINION AND ORDER

**TAPP, Judge.**

      Pro se Plaintiff, Rachel Constant Beauvais ("Beauvais"), claims she was subject to harassment and retaliation by her past employer. The Court finds that her allegations are not within the Court's subject-matter jurisdiction and that the Court cannot grant the remedy Beauvais seeks. However, because Beauvais's right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") might allow her to pursue her claim in the district court, the Court orders transfer.

      Beauvais claims that she was "psychologically manipulated" by her past employer, which she identifies as "two companies under the umbrella of Laboratory Corporation of America Holdings," and "Quest Diagnostics." (Compl. at 4, ECF No. 1). Beauvais alleges that her past employers "avoid[ed] financial, psychological, and legal costs," by "creating a hostile work environment that would encourage [her] to leave voluntarily." (*Id.*). Beauvais details her disagreements with her supervisors about her professional role and alleges that her psychologist "officially diagnosed" her with post-traumatic stress disorder due to anxiety associated with her work—namely, arising out of "segregation, physical abuse, and mental abuse." (*Id.*). Beauvais claims that her employers did not respond to her requests to change her duties "even after they received [her] paperwork from [her] mental health facility." (*Id.*). Beauvais presented these allegations to EEOC. (Compl. at 9). A resulting determination and notice of rights letter from EEOC attached to Beauvais's Complaint indicates that on September 20, 2023, EEOC notified Beauvais that "EEOC will not proceed further with its investigations" of her claims and that EEOC "makes no determination about whether further investigation would establish violations of the statute." (*Id.*). The EEOC letter notified Beauvais of her right to sue within 90 days of receipt. (*Id.*).

      The United States Court of Federal Claims is a specialty court. *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). The Court has the authority to review challenges that fall within its subject-matter jurisdiction. *See* RCFC 12(h)(3)

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As such, the Court "may and should" review the question of its subject-matter jurisdiction on its own "at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted); *see also OTI Am., Inc. v. United States*, 68 Fed. Cl. 108, 113 (2005) ("Jurisdiction must be established as a threshold matter before the court may proceed with the merits" of any action) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998)).

The Court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of attorneys. *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). In conducting its review, the Court also accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, even pro se plaintiffs "must persuade the Court that jurisdictional requirements have been met." *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004); *see also Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)).

The Court has the authority to award money damages on claims founded upon the Constitution, acts of Congress, a regulation promulgated by an executive department, under express or implied contracts, or any claim for liquidated or unliquidated damages in cases not sounding in tort; but the party against whom such damages are sought must be—in all cases—the United States. 28 U.S.C. § 1491(a)(1). Because the Court's jurisdiction is limited by the Tucker Act to rendition of money damages only in suits "against the United States," *see McGrath v. United States*, 85 Fed. Cl. 769, 771 (2009), RCFC 10(a) requires that all complaints must designate the United States "as the party defendant." However, merely listing the United States in the caption does not suffice to invoke the Court's subject-matter jurisdiction. *Garner v. United States*, 85 Fed. Cl. 756, 773 (2009). Instead, the allegations must directly involve federal entities or the United States' agents. *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011) ("[I]f the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (quoting *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

Beauvais's Complaint only seeks relief for harms allegedly perpetrated by her past private employers. (*See generally* Compl.). The Court lacks subject-matter jurisdiction over claims for damages that stem from the loss of employment with a private employer. *See e.g.*, *Schaeffer v. United States*, 2021 U.S. Claims LEXIS 1656 *13–14 (Fed. Cl. Aug. 17, 2021) ("Plaintiff's employment dispute is related to the recission of an employment offer from a private company, and the Court of Federal Claims lacks jurisdiction over suits against private parties"); *Sherwood*, 312 U.S. at 588 ("[The Court of Federal Claims] is without jurisdiction of any suit brought against private parties.").

The Court also lacks jurisdiction to provide the specific type of relief Beauvais seeks. Beauvais asks the court to order "a full inves[tigation] from the doctor[']s statements and mental health statements from the incident," and to order a Freedom of Information Act request "of the EEOC records investigation," and of her "Virginia Workers' Compensation" case. (Compl. at 3). The Court cannot entertain claims for injunctive relief or order specific performance, except in

narrowly defined circumstances. *Kanemoto v. Reno*, 41 F.3d 641, 644–45 (Fed. Cir. 1994). None of the exceptions apply in this case. *See Tetzlaff v. United States*, 2015 U.S. Claims LEXIS 1577 *35 (Fed. Cl. Nov. 25, 2015) (listing exceptions); *see also O'Connor v. United States*, 2009 U.S. Claims LEXIS 441 *20–21 (Fed. Cl. Dec. 9, 2023) (finding that the Court does not have jurisdiction to provide plaintiff with a "a complete copy of her EEOC file").

The EEOC receives, investigates, and resolves complaints of discrimination brought by private sector employees and, at times, pursues litigation of claims under the laws that the EEOC enforces. *See* 29 C.F.R. § 1601.7.[1] Employees who wish to bring complaints under federal employment antidiscrimination laws must first file a charge of discrimination with the EEOC before they can bring suit. *Davis v. N.C. Dep't of Corrs.*, 48 F.3d 134, 138 (1995) (finding that obtaining a right to sue letter from EEOC "is essential to initiation of a private" lawsuit). Federal district courts have exclusive jurisdiction over appeals from complaints of discrimination first filed with the EEOC. *Jackson v. United States*, 10 Cl. Ct. 691, 692 (1986). Therefore, although the Court finds that it lacks subject-matter jurisdiction over Beauvais's claims, the Court considers if Beauvais's claims should be transferred to a court that does have jurisdiction. *See* 28 U.S.C. §1631 (the Court "shall . . . transfer [an] action" to a court of appropriate jurisdiction if it "finds that there is a want of jurisdiction" for a plaintiff's civil action.)

Under Section 1631, three conditions must be met: (1) the Court must lack jurisdiction; (2) the case could have been brought in the transferee court; and (3) transfer is in the interest of justice. *See Gray v. United States*, 69 Fed. Cl. 95, 98 (2005). The Court has found that it lacks subject-matter jurisdiction over the underlying claims. EEOC notified Beauvais on September 20, 2023, that she had the right "to file a lawsuit against the respondent[]" on her EEOC charge, within "90 days" of receiving EEOC notice. (Compl. at 9). It appears, Beauvais filed her claim on November 9, 2023—within that 90 day period.

For cases involving unlawful employment practices that EEOC has enforcement over, venue is proper "in the jurisdiction in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117(a). Beauvais resides in Centreville, Virginia, and her employer was located in Herndon, Virginia. (*See* Compl. Ex. 1 at 1, ECF No. 1-1; Ex. 2 at 2, ECF No. 1-2). Therefore, it appears the Eastern District of Virginia would be the appropriate forum to file the action.

Finally, transfer would be in the interest of justice because Beauvais's claims do not, on the record as it currently exists, appear frivolous. *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) ("The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits.") (citing *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). EEOC may dismiss certain claims on the basis that they have no merit or that they are frivolous. *See e.g.*, *Garrow v. Tucson Clips*

---

[1] The EEOC enforces Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act ("ADA"), and the Genetic Information Nondiscrimination Act ("GINA"). *See* United States Equal Employment Opportunity Commission, Laws Enforced by EEOC, https://www.eeoc.gov/statutes/laws-enforced-eeoc (last accessed Dec. 12, 2023).

*LLC*, 2023 U.S. Dist. LEXIS 207247 *8–9 (D. Ariz. Nov. 17, 2023) (noting that "EEOC's determination to close [a] case does not equate to the agency finding that [the] claims [are] frivolous."). In many cases such as this, EEOC issues a "determination and notice of rights letter," to inform the charging party of their statutory right to file a lawsuit. (Compl. at 9). Such notices explicitly communicate that the letter *does not* equate to EEOC finding "that the claims have no merit," or that "further investigation would [not] establish violations of the statute." (*Id*.). In 2020, EEOC revised the text of such letters to ensure "clarity of communication," that "closing an investigation" does not equate to finding the claims as meritless. *See* Procedural Regulations Under Title VII, ADA, and GINA; Procedures-Age Discrimination in Employment Act, 85 FR 65214, 6215–16 (Oct. 15, 2020). Accordingly, EEOC updated the text of such letters to its current form to ensure that challengers are not dissuaded from seeking additional "legal assistance" because of the false assumption that the conclusion of EEOC investigation means "that further investigation would be futile." *Id*.

As such, EEOC has not made any findings as to the merits of the issues raised by Beauvais, and it would be in the interest of justice to allow Beauvais to pursue her claims in the district court. *See e.g.*, *Davis v. United States*, 2011 U.S. Claims LEXIS 1103 *9–10 (Fed. Cl. June 15, 2011) (finding that interest of justice dictates transferring the case when EEOC did not find the claims to be frivolous but instead failed to make any conclusions); *Taylor v. United States*, 73 Fed. Cl. 532, 547 (2006) (finding that the plaintiff is "entitled to [their] day in court" when they have a "valid 'right to sue' letter" from the EEOC and transferring the case to the district court). Given that Beauvais's right to sue letter has a 90-day statute of limitations, timeliness is also an issue that factors in the Court's interest of justice finding. *See Butts v. United States*, 2014 U.S. Claims LEXIS 807 *5 (Fed. Cl. Aug. 15, 2014) (finding that "[o]ne compelling reason for transfer" Title VII employment discrimination claims is that "a statute of limitations would possibly bar a newly filed claim," that would otherwise "be considered to have been timely filed as of the date of its original filing in this court," if transferred under Section 1631).

Plaintiff's motion for leave to proceed *in forma pauperis,* (ECF No. 2), is **GRANTED**. The Court **FINDS** that it lacks subject-matter jurisdiction over Plaintiff's claims. The Clerk is **DIRECTED** to transfer this case to the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1631 and to close the case.

**IT IS SO ORDERED.**



s/     David A. Tapp
DAVID A. TAPP, Judge